UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE-LAEL BRYANNA NORSWORTHY, <br><br> Petitioner, <br><br> v. <br><br> J. ESPINOZA, <br><br> Respondent. | No. 2:19-cv-1240 MCE AC P <br><br> ORDER |

Petitioner is a state prisoner at Central California Women's Facility in Chowchilla,[1] proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee.[2] Petitioner challenges the revocation of her parole on February 8, 2019, by the Solano County Superior Court, following her arrest on October 17, 2018. See ECF

---

[1] As of the date of this order, petitioner remains incarcerated at the Central California Women's Facility. See http://inmatelocator.cdcr.ca.gov/ (Inmate Locator website operated by the California Department of Corrections and Rehabilitation). This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[2] Subsequently this court inadvertently issued an order directing petitioner to pay the filing fee or submit an in forma pauperis application. ECF No. 4. Petitioner's subsequently filed application to proceed in forma pauperis, ECF No. 7, will therefore be denied as unnecessary.

1

No. 1 at 1, 19-21. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

Petitioner states that she chose not to pursue state court remedies before filing the instant petition because "[t]his is a constitutional violation issue lower court w/out jurisdiction." ECF No. 1 at 5; see generally id. at 1-15. More specifically, petitioner contends that "California Penal Codes 3000.1 and 3000.08(h) violate due process and equal protection." Id. at 22; see also id. at 31, 34. Petitioner seeks the following relief: a declaration that Section 3000.1 unconstitutional; dismissal of CDCR's October 19, 2018 probable cause determination (CDCR Form 1502-B PCD, see ECF No. 1 at 62-3); release from CDCR custody with a finding that petitioner's parole has been fully served; and/or release back to parole with credit for three years of parole deemed "intact" and "served." See ECF No. 1 at 34.

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. A federal district court may grant a petition for writ of habeas corpus filed by a person incarcerated pursuant to a state court judgment only if she "is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and "has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A). "State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A petitioner satisfies the exhaustion requirement by providing the state's highest court with a full and fair opportunity to consider her federal claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971). "This standard applies to parole revocation hearings." Bailey v. California, 2010 WL 2998882, at *1, 2010 U.S. Dist. LEXIS 86971 (C.D. Cal. July 29, 2010) (see also citations therein).

The instant petition affirmatively represents that petitioner intentionally refrained from pursuing any state court remedies before filing in federal court. Accordingly, federal habeas relief is unavailable even upon a showing of a constitutional violation. 28 U.S.C. § 2254(b)(1)(A) (relief "shall not be granted unless is appears that . . . the applicant has exhausted the remedies available in the court of the State").

Until recently, district courts routinely dismissed petitions that were wholly unexhausted at the time of filing. See Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). However, the Ninth Circuit Court of Appeals has clarified that unexhausted petitions may, under limited circumstances, be stayed pending state court exhaustion. Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). The requirements for a stay are those set forth in Rhines v. Weber, 544 U.S. 269, 278 (2005). The U.S. Supreme Court explained in Rhines that a stay and abeyance pending exhaustion is appropriate only in limited circumstances. The petitioner must show that (1) she had good cause for her failure to exhaust, (2) her unexhausted claims are potentially meritorious, and (3) there is no indication that she engaged in intentionally dilatory litigation tactics. Mena, 813 F.3d at 910; Rhines, 544 U.S. at 278.

This court will entertain a motion for stay and abeyance if petitioner wishes to bring such a motion and believes she can make the showing required by Rhines. In the alternative, petitioner may withdraw her petition and refile it upon the conclusion of exhausting her state court remedies, specifically, after the California Supreme Court has ruled on her federal constitutional claims.[3]

---

[3] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court. In most cases, the one-year period starts to run on the date when the challenged conviction became final by the conclusion of direct review or the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1). If a Rhines stay is granted, petitioner will have the benefit of her original federal filing date in assessing the timeliness of her petition. If her petition is dismissed and refiled later, she will not have the benefit of the first federal filing date, although the time that properly-filed habeas petitions are pending in state court will not count against her. See 28 U.S.C. § 2244(d)(2) (the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending). The court makes no findings or representations regarding the timeliness of petitioner's claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis, ECF No. 7, is denied as unnecessary.

2. Petitioner may, within thirty (30) days after the filing date of this order, file a motion for stay and abeyance of this action pending exhaustion of petitioner's claims in the state courts, addressing the factors set forth above.

3. Alternatively, petitioner may request the voluntary dismissal of this action without prejudice.

4. Failure of petitioner to timely file a motion to stay and abey this action, or request the voluntary dismissal of this action, will result in a recommendation that this action be dismissed without prejudice.

IT IS SO ORDERED.

DATED: January 21, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE